Margie Louise **HERRIN**

v.

**NEWTON CENTRAL APPRAISAL DISTRICT; Mary Lee Cliburn; Wanda Thompson; Geraldine Kerr.**

Civ. A. No. B–86–1411–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

July 8, 1988.

A.W. Davis, Jr., Newton, Tex., J. Joe Harris, Matthew & Branscomb, San Antonio, Tex., for plaintiff.

John H. Seale, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Margie Louise Herrin sued the Newton Central Appraisal District (District) and three of its board members (Board). Herrin alleged that the District, acting through the Board, refused to promote her because she was pregnant. Herrin further asserted that such action violated 42 U.S.C. § 1983, the Equal Protection Clause of the United States Constitution, and the Commission on Human Rights Act, TEX.CIV.ST.ANN. art. 5221k (Vernon 1987).

After conducting a full and complete bench trial, the court found in favor of Herrin, and issued Findings of Fact and Conclusions of Law in a Memorandum Opinion dated December 23, 1987. 687 F.Supp. 1072. The court ordered the District to reinstate Herrin as Chief Appraiser, and to pay Herrin $24,000 per year from the date of constructive discharge, May 28, 1986, to the date of judgment.

Pending before the court is defendants' motion for new trial, wherein defendants raise 28 points of error. For clarity and brevity, the court regroups defendants' points of error into six categories and considers each in turn.

## I. "REINSTATEMENT" VERSUS "INSTATEMENT"

Defendants complain in Point of Error No. 1 that Herrin is not entitled to "reinstatement" because she was never Chief Appraiser; Herrin was only temporarily acting as Chief Appraiser until the Board could permanently fill the position.

In its December 23, 1987, opinion, the court concluded that Herrin was justly entitled to occupy the position of Chief Appraiser. The court has ordered the District to allow Herrin to assume the position of Chief Appraiser. Whether the order of this court is memorialized as a "reinstatement" or an "instatement" is of little import. See, e.g., McClure v. Mexia Independent School District, 750 F.2d 396, 392, n. 2 (5th Cir.1985). The purpose of this court's remedial order is clear: Herrin shall

be Chief Appraiser for the District. Point of Error No. 1 is accordingly overruled.

## II. JUDICIAL USURPATION OF THE DISTRICT'S POWER

■ Defendants next complain, in Point of Error No. 2, that the order of reinstatement usurps the authority of the Newton Central Appraisal District to select a Chief Appraiser.

Were the Newton Central Appraisal District an absolute sovereign, the court might consider defendants' proposition favorably. However, the District is not an absolute sovereign. The District is a political subdivision of the State of Texas, amenable to the laws of the State of Texas and the United States of America. Both sovereigns, through their authorized legislative bodies, deemed it necessary and appropriate to subject entities such as the Appraisal District to the requirements of civil rights legislation. 42 U.S.C. § 1983 and TEX. CIV.ST.ANN. art. 5221k (Vernon 1987). This court is therefore required to give full force and effect to such legislative acts of Congress and of the Texas legislature. Such legislation authorizes this court to fashion for deserving litigants equitable relief such as reinstatement. *McClure, supra,* at 398, n. 2. The court cannot by whim void the authority of any valid laws, and certainly not the laws at issue in this case. This court is bound to apply the laws as enacted to the parties before it. This court cannot and shall not nullify valid acts of Congress which have been held constitutional by the Supreme Court of the United States. This was attempted more than a century and a half ago, to no avail, and this court is unprepared and unwilling to accept the defendants' invitation to so rule. Point of Error No. 2 must therefore be overruled.

## III. EVIDENTIARY MATTERS

In Points of Error Nos. 3 through 26, defendants complain that there is no evidence, or alternatively, insufficient evidence, to support the court's findings of fact and conclusions of law. The court disagrees. It would serve little purpose to meticulously discuss each piece of evidence submitted at trial. The court's written opinion of December 23, 1987, is detailed enough. Suffice it to say that the record in this case speaks for itself, and in the court's opinion supports the judgment rendered.

## IV. BACK PAY: $24,000 A YEAR

■ In Point of Error No. 27, defendants contend that Herrin should not receive $24,000 a year in back pay because at the time of her constructive discharge, she was only making $16,120 per year.

Herrin's predecessor, Linda Crombie made $24,000 per year. The evidence showed the District intended to pay the new Chief Appraiser $24,000. Thus, if Herrin were promoted as she should have been, she would have received $24,000 per year. It is true, Gerald Cobb did not receive $24,000 a year. However, the Board reduced his salary because he needed more training to act proficiently, whereas Herrin, being more qualified than Cobb, required no additional training. Therefore, the court concludes that the $24,000 figure is firmly based on fact. Point of Error No. 27 is overruled.

## V. MITIGATION OF DAMAGES

■ Defendants complain, in Point of Error No. 28, that Herrin failed to mitigate her damages. Herrin submitted evidence which indicated she actively sought other appraisal jobs in the immediate East Texas area. Defendants, who had the burden to show lack of mitigation, (*see, Floca v. Homecare Health Services, Inc.,* 845 F.2d 108, 113 (5th Cir.1988)), put on no evidence of failure to mitigate. The court, finding plaintiff's mitigation evidence sound, overrules Point of Error No. 28.

## VI. THE REINSTATEMENT REMEDY

■ Finally, defendants request the court to reconsider the remedy: reinstatement. In support thereof, defendants elicited the testimony of three witnesses: Mrs. Cliburn, Mr. Davis, and Mr. Gassiott. All three witnesses testified that they did not have confidence in Herrin's abilities, be-

cause she failed to renew the District's insurance before she left office May 29, 1986. In addition, Cliburn testified that Herrin failed to file financial reports before she left, and that Herrin's abrupt departure in May left the computer system in a state of confusion, which undermined the effectiveness of the District. Therefore, Cliburn concluded, she opposed reinstatement.

As to the insurance renewal, the court finds and concludes as follows:

1. Linda Crombie, Herrin's predecessor, failed to renew the District's insurance after receiving two renewal notices, the first in January 1986, and a reminder sixty days before renewal.

2. The third renewal notice was sent to the District office while Herrin was acting as Chief Appraiser, from May 5, 1986, until May 29, 1986.

3. There was no evidence indicating that Herrin actually received the renewal notice, or knew of its existence, or of the existence of the prior notices.

4. The Board had confidence in Linda Crombie, despite the fact that she, too, failed to act upon the notices. Thus, the error is insufficient in itself to undermine confidence in Herrin, nor does it reflect on her qualifications for the job of Chief Appraiser. Instead, such evidence smacks of continual efforts by Cliburn to justify her illegal actions, and constitutes mere pretext designed to hide the all too obvious fact that the District refused to promote Herrin because she was pregnant.

As to the financial report, the court finds and concludes as follows:

1. The District suffered no harm from Herrin's failure to submit a final report before leaving.

2. Herrin's other responsibilities in running the District took priority over filing the report; for example, she had to solve many time-consuming problems which arose with the computer software used to prepare the taxpayer rolls.

3. Therefore, Herrin's failure to file the financial report has no bearing in the court's consideration of her qualifications, nor should it undermine the Board's confidence in her abilities. A reasonably prudent person would have acted as Herrin. The evidence presented by defendants again smacks of mere pretext, and appears calculated to thwart Herrin's efforts to legitimately assume her proper role as Chief Appraiser.

As to the computer confusion, the court finds and concludes as follows:

1. Gerald Cobb had no understanding of the software system used by the District.

2. Herrin had extensive knowledge of the computer system.

3. However, the computer software difficulties were not of Herrin's making. The District changed computer consultants, which required decoding of stored information and reprogramming of the system, all of which was a complicated and difficult task. Thus, Herrin could not be blamed for any computer problems which arose in her absence. Accordingly, this court finds the evidence presented by the defendants concerning the computer problems are not sufficiently rooted in fact to have a legitimate bearing on the Board's confidence in Herrin.

Having considered all of the evidence germane to the issue of reinstatement, the court concludes that Margie Louise Herrin should rightly be reinstated to the position of Chief Appraiser for the Newton Central Appraisal District.

## VII. CONCLUSION

In view of the foregoing, defendant's motion for new trial is hereby in all things DENIED, and it is hereby ORDERED, ADJUDGED and DECREED that Margie Louise Herrin shall be reinstated to the position of Chief Appraiser as of August 1, 1988. Additionally, the District is hereby ORDERED to compensate Mrs. Herrin in the sum of $24,000 a year from the date of constructive discharge, May 28, 1986, to the date of this reinstatement order, with interest as provided by law, and for attorney's fees and taxable costs.

All parties to the case are advised and admonished to forget the past, and it is

hoped by the court that they will look to the future, and begin addressing the tasks at hand: appraising properties, assessing, and collecting taxes.